**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| JOSEPH A. STALLARD,<br><br>*Plaintiff*,<br><br>v.<br><br>GOLDMAN SACHS GROUP, INC.,<br>GOLDMAN SACHS & CO., LLC, and<br>VOODOO SAS.<br><br>*Defendants*. | Civil Action No. 1:24-cv-2331 (PTG/WEF) |

## JOINT PROPOSED DISCOVERY PLAN

In accordance with FED. R. CIV. P. 26(f), Local Civil Rule 26(A), and the Scheduling Order entered by the Court on August 31, 2026 (the "August 31 Order," ECF No. 89), the parties submit this Joint Discovery Plan in advance of the Rule 16(b) Pretrial Conference to be held on Wednesday, September 30, 2026, at 11:00 a.m.

## CLAIMS BEFORE THE COURT

1. Plaintiffs' First Amended Complaint of October 17, 2025 (ECF No. 76) is the operative pleading, except that Counts 6 through 12 have been dismissed and Paragraphs 26–50, 91–93, 96, 99–100, 103, and 107 have been stricken by Order of the Court dated August 14, 2026 (ECF No. 87). The remaining claims assert trademark claims against Voodoo, the sole remaining Defendant, under federal law (Counts 1–3), a state common law claim for trademark infringement/unfair competition (Count 4), and a state common law claim for tortious interference (Count 5). Voodoo

has denied all substantive allegations in the Amended Complaint and asserted 21 affirmative defenses.

## CONFERENCE OF THE PARTIES

2. **Rule 26 Conference.** The parties held their Rule 26(f) conference on September 14, 2026..

3. **Settlement.** Following the Court's August 31 Order, the parties exchanged settlement proposals but have thus far been unable to reach an agreement.

4. **Mediation.** The parties agree that it would be productive to designate a Magistrate Judge or other judicial officer as a mediator to facilitate a potential settlement pursuant to Local Civil Rule 83.6(c). To conserve judicial and litigant resources and promote maximum attention to the potential resolution of this matter, the parties jointly and respectfully ask the Court to appoint a Magistrate Judge who will oversee this mediation as early in the discovery period as possible.

## DISCOVERY PLAN

5. The parties propose this plan to complete discovery by Friday, January 15, 2027, pursuant to the August 31 Order. The scope of discovery will be governed by Federal Rule of Civil Procedure 26 and this Court's Orders.

**Defendant's Position:**

Defendant states that there should be no discovery relating to claims and allegations that have been dismissed or stricken.

**Plaintiff's Position:**

Plaintiff's position is that discovery may proceed on such matters provided the information sought is relevant to the remaining, active claims or defenses in this action.

6. **Initial Disclosures.** The Parties shall exchange initial disclosures required by FED. R. CIV. P. 26(a)(1) by September 29, 2026.

7. **Objections.** The parties propose no modifications to the requirements of FED. R. CIV. P. 26 or Local Civil Rule 26 as to objections to any discovery request.

8. **Interrogatories.** The parties propose no modifications to the limitations on interrogatories set forth in the August 31 Order.

9. **Requests for Admission.** The parties propose no modifications to the requirements of FED. R. CIV. P. 36 as to Requests for Admission, except that Defendant proposes a limit of thirty Requests per side. The parties shall admit in good faith to any facts not reasonably in dispute. Requests for Admission directed solely towards establishing the authenticity of documents whose authenticity is not reasonably in dispute for purposes of facilitating the admission of evidence will not count against the above proposed limit.

**Plaintiff's Position**

Plaintiff objects to Defendant's newly introduced proposal to limit both Requests for Admission (RFAs) and Requests for Production (RFPs) to an arbitrary cap of 30 per side. Neither Federal Rule of Civil Procedure 36 nor Rule 34 imposes any default numerical cap on these discovery mechanisms. Instead, discovery in this matter is properly governed by the flexible proportionality standards of Rule 26(b)(1). A rigid numerical restriction is inappropriate given the complexity, scope, and specific factual allegations of this intellectual property and tortious interference litigation.

Plaintiff's claims require proving likelihood of confusion, willfulness, and the precise mechanics behind the targeted removal of Plaintiff's game from the Google Play Store. Plaintiff recently uncovered evidence that Defendant has engaged in an expanded,

deceptive pattern of trademark infringement to evade liability. Beyond the original infringing game and a separate clone published directly under Defendant's own name, Defendant directed the publication of at least six additional clones of Plaintiff's game through third-party entities to conceal Defendant's involvement. These entities were utilized to circumvent this ongoing litigation, capitalize on consumer confusion through the use of confusingly similar titles, and secretly divert the financial proceeds from the infringing games. Discovery on the deception used by Defendant to gain advantage in this litigation is critical to this case. That is why Defendant seeks to limit this discovery. Also, prior infringements are necessary to show "defendant's intent" (a vital element of likelihood of confusion), willfulness, and a pattern and practice of infringement.

To properly litigate this case, Plaintiff must use RFPs to compel the production of communications, distribution agreements, and financial records concerning these seven distinct publishing arrangements. Concurrently, Plaintiff must use RFAs to authenticate these documents, establish the chain of corporate ownership, and narrow the triable issues for the court. Arithmetically, an arbitrary 30-request cap across seven distinct targets allows fewer than five document requests and five admission requests per entity. Such a restriction would effectively insulate Defendant's undisclosed network from meaningful discovery.

Notably, Defendant did not propose any numerical limitation on RFAs or RFPs in any prior draft of this joint report. Defendant only introduced these belated restrictions after Plaintiff uncovered the clone games and served targeted discovery aimed at these entities. Plaintiff requires the baseline flexibility intended by Rules 34 and 36 to address these

complex liability issues, but remains willing to meet and confer in good faith to ensure all requests remain efficient and proportional as the facts develop.

**Defendant's Position**

Plaintiff correctly states above that Defendant did not seek to impose any limitations on the number of discovery requests each side should be permitted until *after* it had received no fewer than 358 separate discovery requests from Plaintiff in a one-week period, with more forthcoming. The overwhelming majority of these relate to matters immaterial to Plaintiff's narrow surviving claims, and no attempt was made to economize on them, avoid duplication, or constrain their scope to Plaintiff's surviving claims and allegations—as confirmed by Plaintiff's *own* description of most of the requests as pertaining to products not at issue in this litigation. (Plaintiff's claims about a single alleged word mark on one video game do not make any of the below-referenced "17 [other] video games and 8 ads" part of the controversy here.) The sheer volume of them abusively multiplies the burdens of objecting and responding for no proper purpose, and for that reason Defendant respectfully proposes that reasonable limitations on the volume of requests are necessary—limitations to which Defendant is prepared to subject itself as well. Plaintiff's protestation that these limitations are "arbitrary" is unsustainable, as they simply mirror the thirty interrogatory limitation already imposed by the Court. ECF No. 89 at 1.

**Plaintiff's Reply**

The timeline of the parties' negotiations demonstrates that Defendant's proposal is an attempt to retroactively block Plaintiff's discovery requests about Defendant's other video games that infringed Plaintiff's game.

Plaintiff served 206 RFAs and 56 RFPs on or before September 14. On September 17, Defendant emailed Plaintiff a draft 26(f) report **without numerical limitations on RFAs or RFPs**.

On September 18, Plaintiff served the requests related to the Defendant's other infringing video games. On September 21 at 5:33 PM, Defendant added the numerical limitations on RFAs or RFPs to the 26(f) report.

39 out of 64 RFPs and 241 out of 294 RFAs are about Defendant's other specific infringing works (17 video games and 8 ads). 30 RFAs and 30 RFPs only allows 1.2 requests per infringing work and eliminates any requests for other issues in the case. The current RFAs for each infringing work are brief and targeted to limit the issues at trial and the need for further discovery requests. These prior infringements are necessary to show "defendant's intent" (a vital element of likelihood of confusion), willfulness, and a pattern and practice of infringement. Even if they are irrelevant, there are already rules for irrelevant requests. A numerical limitation on discovery requests is not the proper means to deal with the issue.

The rules also already prevent excessive discovery requests. A retroactive cap would only prevent necessary legitimate discovery.

10. **Depositions.** Each party shall be limited to noticing one (1) party deposition and one (1) non-party, non-expert witness deposition without leave of court. All depositions shall take place by videoconference, remote means, or where the deponent is domiciled. A party shall give notice of the deposition at least eleven (11) days before the scheduled date of the deposition as required by Local Civil Rule 30(H).

11. **Requests for Production.** The parties shall scan paper documents and deliver them as electronically stored information. When required to provide electronically stored information, the parties shall provide it by secure electronic means in a common convenient format that is text-searchable where feasible and as the material is maintained by the party, including original metadata. Production of documents in native format or PDF format shall satisfy this requirement. Defendant proposes a limit of thirty Requests for Production per side.

**Plaintiff's Position**

Plaintiff incorporates by reference its full position against arbitrary numerical limitations on written discovery, as detailed above in the Requests for Admission section.

12. **Preservation of Discoverable Information.** The parties shall retain and preserve documents, information, and things (including electronically stored information) relevant to any party's claims or defenses in this lawsuit..

13. **Protective Order.** If a party objects to the production of any documents or information on grounds of confidentiality, the parties will negotiate the terms of a protective order in good faith.

14. **Privileged and Protected Materials.** Any claims of privilege or protection must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The privileged documents shall be listed in a privilege log that will enable other parties to assess the claim. The privilege log may be categorical so long as it describes the attorney(s) or firm and how they are related to the communications. No party need log any communications exclusively between counsel and client (or between co-counsel) regarding this lawsuit subsequent to its initiation. The parties stipulate that in the event of any inadvertent disclosure of privileged or protected information, the producing party shall notify the receiving party as promptly as practicable upon

discovery, and the receiving party will destroy all inadvertently produced documents or information and confirm having done so as promptly as practicable upon notice and in no event more than two business days following notice.

15. **Subpoenas.** The Parties agree that any documents received in response to a subpoena to a third party will be provided to the other Parties via secure electronic link or other electronic means at no cost to the receiving party within two business days of receipt.

16. **Experts.** Pursuant to Local Civil Rule 26(D), the parties propose that the Plaintiff shall make all disclosures required by FED. R. CIV. P. 26(a)(2) no later than **November 16, 2026**, and that Defendant shall make all disclosures required by FED. R. CIV. P. 26(a)(2) no later than **December 16, 2026**. Plaintiff shall disclose any evidence that is solely contradictory or rebuttal evidence to the Defendant's disclosure no later than **December 31, 2026**.

17. **Service of Papers.** The parties shall serve all papers by email if they are not filed with the Court.

## DISPOSITIVE MOTIONS

18. The parties propose a schedule for summary judgment and cross-motions that will afford each party 21 days to oppose or cross-move and will have the final reply briefs filed no later than 45 days before the scheduled trial date.

## TRIAL BY MAGISTRATE JUDGE

19. The parties have not mutually consented to trial before a magistrate judge.

Respectfully submitted this 23rd day of September, 2026.

/s/ Joseph A. Stallard
Joseph A. Stallard
13450 Farmcrest Ct., Apt 636
Herndon, Va. 20171
(703) 310-7049

/s/ Katherine Cheng
Katherine Cheng, VSB #87391
Keith Levenberg (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N St., N.W.

AndyStallard@outlook.com

*Pro se Plaintiff*

Washington, D.C. 20036
(202) 346-4000
katherinecheng@goodwinlaw.com
klevenberg@goodwinlaw.com

Douglas H. Flaum (*pro hac vice*)
GOODWIN PROCTER LLP
620 Eighth Ave.
New York, N.Y. 20018
(212) 813-8884
dflaum@goodwinlaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that this 23rd day of September, 2026, I caused a copy of the foregoing document to be served on the following via first class mail and all other counsel of record via ECF:

Joseph A. Stallard
13450 Farmcrest Ct
Apt 636
Herndon, VA 20171

*/s/ Katherine Cheng*
Katherine Cheng